UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>TXU CORP., *et al.*<br><br>Defendants. | MISCELLANEOUS BUSINESS DOCKET<br>04MBD 10069<br>(Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division)<br><br>Civil Action No. |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUEMENTS

Pursuant to Local Rules 40.4 and 37.1 of the United States District Court for the District of Massachusetts, and Rule 37(a) of the Federal Rules of Civil Procedure, Defendants TXU Energy Company LLC and TXU Portfolio Management Company LP, f/k/a TXU Energy Trading Company LP ("TXU Portfolio Management") (collectively, "Defendants") move to compel American National Power, Inc. ("ANP"), Plaintiff's former employer, to comply with a valid subpoena requesting that ANP produce documents pertaining to Plaintiff's employment and termination thereof. In support of this motion, Defendants state as follows:

### BACKGROUND

I.  PLAINTIFF'S EMPLOYMENT LAWSUIT AGAINST DEFENDANTS.

Plaintiff was employed by TXU Portfolio Management as Senior Vice President of Capital Management from December 6, 2000 until August 1, 2002. During his employment, Plaintiff expressed certain concerns and opinions regarding business issues related to Defendants, including some opinions about which there is disagreement as to Plaintiff's qualifications for expressing such opinions. For instance, Plaintiff alleges he expressed views

about Defendants' financial disclosures and accounting practices, such as opining that Defendants did not maintain sufficient liquidity, opining that they inappropriately accounted for the value of Comanche Peak, a nuclear power plant, and questioning the way TXU Corp. provided accounting segment information regarding certain of its subsidiaries in its SEC reports. *See* Plaintiff's Complaint, attached hereto as Exhibit "A", at ¶¶ 36, 84, and 50, respectively. Defendants reviewed and addressed Plaintiff's concerns to what Defendants believed were to Plaintiff's satisfaction. In 2002 and 2003, Defendants engaged in a reorganization and Plaintiff's employment was terminated as part of that reorganization.

Plaintiff filed this lawsuit alleging his employment was terminated in retaliation for making complaints in violation of § 806 of the Sarbanes-Oxley Act of 2002 (the "Act").[1] Exhibit A at ¶ 149. Obviously, as a threshold matter, Plaintiff must establish, among other things, that he engaged in protected activity under the Act. To that end, it would be necessary for Plaintiff to show, among other things, that he reasonably believed Defendants' conduct violated the Securities Exchange Act of 1934 (the "Exchange Act") or other applicable laws. *See, e.g., Niedzielski v. Baltimore Gas & Elec. Co.,* Case No. 2000-ERA-4 (Sec'y Dec. and Order July 13, 2000).

## II. DEFENDANTS SEEK PLAINTIFF'S EMPLOYMENT RECORDS FROM ANP BECAUSE THEY MAY BE RELEVANT OR MAY LEAD TO THE DISCOVERY OF RELEVANT INFORMATION IN THIS LAWSUIT.

Defendants maintain, in part, that the issues raised by Plaintiff were outside his area of responsibility and/or expertise, or based on incomplete facts or misimpressions due to Plaintiff's lack of subject matter expertise. In this regard, Defendants are entitled to discover Plaintiff's

---

[1] Plaintiff also claims he was denied bonus payments in breach of his employment agreement.

2

background and expertise, if any, concerning whether Plaintiff could have reasonably believed Defendants' conduct violated the Exchange Act or other applicable laws.

Immediately prior to his work with TXU Portfolio Management, Plaintiff claims he was employed by ANP for six years. *See* Exhibit "B", attached hereto, at p. 10. At the time he left his employment, Plaintiff asserts he was ANP's Senior Vice President and Chief Financial Officer. Exhibit B at p. 10. During his tenure, Plaintiff claims to have had extensive background and experience in the areas of "Finance" and "Accounting." *See* Exhibit "C", attached hereto; Affidavit of Helen Muncaster, attached hereto as Exhibit "I", at ¶ 7. Defendants have the right to discover, through Plaintiff's employment records at ANP, the nature, scope and extent of Plaintiff's "Finance" and "Accounting" experience and background with ANP. Additionally, Plaintiff claims to have had experience as an attorney practicing in corporate and securities law. Exhibit C; Exhibit I at ¶ 7. Defendants are entitled to discover, through Plaintiff's employment records at ANP, the nature, scope and extent of Plaintiff's alleged experience as an attorney with ANP, if any.

Moreover, it is <u>routine</u> in employment cases, particularly those in which the plaintiff alleges unlawful termination such as this one, for the defendant-employer to discover the plaintiff's former employment relationships and reasons for terminations thereof. In this case, Defendants seek to discover the reasons for Plaintiff's separation from ANP. Plaintiff claims he left employment with ANP in the Fall of 2000. Notably, however, Plaintiff failed to respond to discovery asking for the *reason* for his departure from ANP. Exhibit B at p. 10. Defendants are entitled to discover this information through Plaintiff's employment records with ANP.

Furthermore, Plaintiff is alleging that Defendants breached a contract with him regarding the payment of bonuses. Documents produced by Plaintiff in this lawsuit show that, at the time

3

of Plaintiff's termination from ANP, he was receiving and would continue to receive beyond his employment deferred bonuses as part of his "severance deal" from ANP. *See* Exhibit "D", attached hereto; Exhibit I at ¶ 7; Exhibit "J", attached hereto. Defendants are entitled to discover information pertaining to these post-employment bonuses and his severance package, including the terms and reasons for same.

### III.  ANP HAS UNREASONABLY AND UNJUSTIFIABLY REFUSED TO COMPLY WITH THE SUBPOENA SERVED BY DEFENDANTS ON JANUARY 15, 2004.

On January 15, 2004, Defendants served ANP with a subpoena from the United States District Court for the District of Massachusetts requesting that it produce for inspection and copying documents pertaining to Plaintiff's employment.[2] *See* Exhibit "E", attached hereto; Affidavit of Patricia S. Gill, attached hereto as Exhibit "G", at ¶ 3. Defendants' document request states:

#### EXHIBIT A

Any and all records (including electronic information) and documents pertaining to **William James Murray**, Social Security Number **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**, date of birth, **January 26, 1961**, including but not limited to all personnel records, employment applications, résumés, interview notes, information forms, performance and attendance reports, e-mail correspondence, termination forms, discrimination charges or claims, unemployment claims, medical and other benefit records, payroll records, W-2 and W-454 forms, all records reflecting any financial compensation, including bonuses, severance payments, and payments, upon or after termination, fringe benefits and payroll ledgers, and all litigation or potential litigation files or records, (including e-mail) pertaining thereto, demand letters, lawsuits, pleadings, discovery, deposition, transcripts, and settlement documents.

---

[2] The original subpoena was dated December 8, 2003. *See* Exhibit "F", attached hereto; Exhibit G at ¶ 3. It became necessary for Defendants to amend the original subpoena due to ANP's repeated avoidance of service of process. A second subpoena dated January 13, 2004 was served on ANP on January 15, 2004. Exhibit E; Exhibit G at ¶ 3.

On January 21, 2004, Nona Pucciariello, ANP's Assistant General Counsel, telephoned Defendants' counsel regarding the subpoena and indicated that ANP would comply with the document production. Exhibit G at ¶ 4-5. Ms. Pucciariello did express a concern about whether Defendants expected ANP to restore all archived e-mails Plaintiff sent while an employee of ANP. Exhibit G at ¶ 5. Defendants' counsel confirmed that they did not have such an expectation, but stated that to the extent e-mails were contained in Plaintiff's employment files or otherwise reasonably accessible they should be produced. Exhibit G at ¶ 5. Defendants' counsel also agreed to be flexible with regard to the date documents were to be produced. Exhibit G at ¶ 5.

About one week later, Defendants' counsel received a letter from Ms. Pucciariello dated January 27, 2004, wherein ANP refused Defendants' subpoena request. Exhibit G at ¶ 6; Exhibit "H", attached hereto. ANP objected to Defendants' subpoena on several grounds, including that the discovery was "not relevant," was overly broad, burdensome and not readily available, and that the discovery would inquire into confidential information. Exhibit G at ¶ 6; Exhibit "H", attached hereto. The next morning, Ms. Pucciariello telephoned Defendants' counsel, and again, reversed her position. Ms. Pucciariello stated that (despite her letter) she would be willing to produce documents on a "reduced scope basis" and requested that such documents be subject to "confidentiality." Exhibit G at ¶ 7.

As discussed more fully below, ANP's offer to produce selected documents on a "reduced scope" is unacceptable. Accordingly, Defendants move this Court for an order compelling ANP to produce the requested documents, without limitation, for inspection and copying, and for costs and attorneys' fees.

## ARGUMENT

### I. DEFENDANTS ARE ENTITLED TO DISCOVER INFORMATION THAT MAY BE RELEVANT OR MAY LEAD TO THE DISCOVERY OF RELEVANT INFORMATION.

As the Court is well aware, the permissible scope of discovery under Rule 26(b) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978); *Coughlin v. Lee,* 946 F.2d 1152, 1159 (5th Cir. 1991). "Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of [the] action." *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D. Kan. 1993) ("A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of [the] action."); *Bennett v. La Pere,* 112 F.R.D. 136, 140 (D.R.I. 1986) ("Pretrial discovery was meant to end the sporting theory of justice. Its purpose was, and remains, to allow a wide search for facts which may aid a party in the attempt to ready the prosecution or defense of a claim."). The concept of relevancy for discovery "is flexible and has a broader meaning than admissibility at trial." *White v. Kenneth Warren & Son, Ltd.,* 203 F.R.D. 364, 366 (N.D. Ill. 2001). In light of these established principles, Defendants are permitted to discover information pertaining to Plaintiff's employment with ANP, including his experience, job functions and expertise, if any, and responsibilities, performance, and separation from ANP, including his potential dispute over bonus payments and post-employment payments by ANP, as such information is clearly relevant and discoverable.

### II. ANP'S RECORDS OF PLAINTIFF'S EMPLOYMENT DUTIES AND TERMINATION ARE CLEARLY WITHIN THE SCOPE OF PERMISSIBLE DISCOVERY.

As a preliminary matter, ANP is not in the position to determine what documents are relevant or reasonably calculated to lead to the discovery of relevant information. Clearly, as a

6

non-party, it does not have knowledge of the parties' claims and defenses to make such an assessment. It is untenable for ANP to suggest that it can dictate the information that Defendants could obtain through permissible discovery. Consequently, ANP cannot limit the scope of Defendants' document request to only those documents *it* deems responsive or relevant.

Indeed, all information pertaining to Plaintiff's employment with ANP is relevant to Plaintiff's claims and/or Defendants' defenses. Plaintiff was employed by ANP for six years immediately preceding his work for TXU Portfolio Management and claims to have served as ANP's Senior Vice President and Chief Financial Officer purportedly with extensive background and experience in finance and accounting. Defendants are entitled to discover the extent and nature of his background in these disciplines, including his job duties, experience and performance at ANP, to assess whether Plaintiff had a background which would indicate whether he was competent to raise accounting and disclosure concerns relating to Defendants' business. Hence, the requested discovery is relevant or may lead to the discovery of relevant information on the issues of whether Plaintiff reasonably believed Defendants' conduct violated the Exchange Act or other applicable laws. *See Niedzielski*, Case No. 2000-ERA-4.

Likewise, Defendants are also entitled to discover whether Plaintiff performed any legal work for or provided any legal advice to ANP in order to assess the reasonableness of Plaintiff's belief that Defendants engaged in conduct in violation of the "Securities and Exchange Act of 1934" or "any rule or regulation of the Securities Exchange Commission, and/or a provision of federal law relating to fraud against shareholders." Exhibit A at ¶ 13.

Additionally, Defendants are entitled to discover the basis for Plaintiff's departure from ANP. In Defendant TXU Portfolio Management Company LP's First Set of Interrogatories, No. 6, Plaintiff was asked to provide his employment history, including the reason for ending his

7

employment. Exhibit B at p. 7. In response, Plaintiff identified seven former employers. For each employer, <u>except ANP</u>, Plaintiff listed a reason for the termination of his employment relationship. Plaintiff did not provide a reason for his departure from ANP. The absence of information concerning ANP, in light of his other responses, suggests that the employment relationship between Plaintiff and ANP may not have ended amicably.[3] Because Plaintiff alleges Defendants wrongfully terminated his employment, Defendants are entitled to discover the circumstances surrounding the termination of Plaintiff's employment relationship with ANP.

Further, documents produced by Mr. Murray in this lawsuit indicate that he was given a "severance deal" by ANP which consisted of, in part, outstanding deferred bonuses that Plaintiff received well beyond the termination of his employment with ANP. Consequently, Defendants are entitled to discover information pertaining to Plaintiff's severance deal with ANP, including the reasons for and terms of same, and any bonuses, as such information may be relevant or may lead to the discovery of relevant information concerning Plaintiff's allegations that Defendants unlawfully refused to pay bonuses to Plaintiff. Exhibit A at ¶¶ 150, 153-157.

For all of these reasons, information pertaining to Plaintiff's employment with ANP is clearly relevant or may lead to the discovery of relevant information to the claims and/or defenses in this lawsuit, and thus, Defendants are entitled to discover the documents described in the subpoena served on ANP.

### III.  ANP'S REMAINING OBJECTIONS TO THE SUBPOENA ARE BASELESS.

In addition to objecting to the subpoena on relevancy grounds, ANP raised other baseless objections as well. ANP objected to the subpoena claiming that the information requested is "unduly burdensome." Exhibit H. The only apparent basis for ANP's objection is that its offices

---

[3] Defendants' position is further underscored by ANP's unusually vigorous objections to Defendants' subpoena and ANP's subsequent demand that any information produced be subject to a protective order.

have recently moved from Houston, Texas to Marlborough, Massachusetts, and "therefore, records and information may not be readily available."[4] Exhibit H. ANP's objection, however, is disingenuous. As a courtesy to ANP, Helen Muncaster, a legal assistant in Defendants' counsel' office, contacted ANP's Human Resources Department in or about October 2003 to notify ANP that a subpoena was issued and would be served on them. Exhibit I at ¶ 4. Ms. Muncaster spoke with Saroj Patel, ANP's Director of Personnel, and informed her of the substance of Defendants' subpoena. Exhibit I at ¶ 5. Ms. Patel informed Ms. Muncaster that personnel files were recently transferred from Houston **and verified that Plaintiff's employment file was in her office**. Exhibit I at ¶ 6. Based on Ms. Muncaster's conversation with ANP's Director of Personnel, Plaintiff's employment file was obviously available for production. ANP's "unduly burdensome" argument is entirely without merit.

ANP's objection on the basis of confidentiality is equally baseless. Defendants would be willing to enter into an appropriate protective order with ANP to protect the confidentiality of any documents produced and provide for disclosure only as necessary. Defendants' counsel communicated this to Ms. Pucciariello.

IV. **DEFENDANTS' DEMAND FOR ATTORNEYS' FEES AND COSTS AGAINST ANP.**

ANP's continued refusal to fully comply with Defendants' subpoena is entirely unreasonable and warrants sanctions in the form of attorneys' fees and costs, pursuant to Rule 37(a)(4), paid to Defendants for having to prosecute this motion.

---

[4] As stated above, Ms. Pucciariello initially inquired about Defendants' request for "e-mails." Defendants have already conveyed to Ms. Pucciariello that the discovery request seeks only e-mails reasonably available--not restoration of e-mail archives. Consequently, there is no basis for ANP's "burdensome" objection on account of Defendants' request for emails.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enter an Order compelling ANP to produce the documents described herein, and impose attorneys' fees and costs against ANP for having to seek the Court's intervention on matters that clearly are discoverable.

Dated: March 5, 2004                                    Respectfully submitted,

TXU CORP., TXU ENERGY COMPANY LLC, AND TXU PORTFOLIO MANAGEMENT COMPANY, LP, F/K/A TXU ENERGY TRADING COMPANY LP

By Their Attorneys

*/s/ Laura M. Stock*

Anita B. Bapooji (BBO #644657)
Laura M. Stock (BBO #652276)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

David C. Lonergan (Texas Bar No. 12513500)
David P. Poole (Texas Bar No. 16123750)
Patricia S. Gill (Texas Bar. No. 24007238)
HUNTON & WILLIAMS, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas Texas 75201
(214) 979-3029

Counsel for Defendants

3033062_1