UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff*,<br><br><br><br>TXU CORP. *et al.*,<br><br>*Defendants*. | MISCELLANEOUS BUSINESS DOCKET<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division)<br><br><br><br>Civil Action No. |

## AFFIDAVIT OF NONA S. PUCCIARIELLO

I, Nona S. Pucciariello, testify and declare the following under penalty of perjury:

1.  My name is Nona S. Pucciariello. I am over the age of twenty-one, am competent to testify as a witness, and have personal knowledge of the facts set forth in this Affidavit.

2.  I am Assistant General Counsel of American National Power, Inc. ("ANP").

3.  On January 15, 2004, a subpoena duces tecum (the "Subpoena") and notice of deposition (the "Notice") were delivered to ANP's offices at 62 Forest Street, Suite 102, Marlborough, Massachusetts 01752. I accepted service of the Subpoena and Notice on behalf of ANP. True and accurate copies of the Subpoena and Notice of deposition are attached hereto as Exhibit A.

4.  The Subpoena was issued to ANP through the United States District Court for the District of Massachusetts, and it relates to a case pending in the United States District Court for the Northern District of Texas (Dallas Division) captioned William J. Murray v. TXU Corp. et al., Case No. 3:03 CV-088P (the "Texas Case"). The Subpoena directs ANP to produce "[a]ny and all records (including electronic information) and documents pertaining to William James

Murray," who is the former Chief Financial Officer of ANP. Mr. Murray's employment with ANP ended in November 2000.

5. The Notice was issued to ANP through the United States District Court for the Northern District of Texas (Dallas Division), and it also relates to the Texas Case. The Notice directed ANP to appear in Worcester, Massachusetts, on January 30, 2004, to produce "any and all records" pertaining to William James Murray, and respond various written questions.

6. The Subpoena and Notice went sent under the names of Attorneys David C. Lonergan, David P. Poole, and Patricia S. Gill of Hunton & Williams LLP, 1601 Bryan Street, 30th Floor, Dallas, Texas, 75201-3402. The Subpoena and Notice identify Attorney Gill and Hunton & Williams as counsel for the defendants in the Texas Case (the "TXU Defendants").

7. TXU Corporation ("TXU"), which is a named defendant in the Texas Case, is a competitor of ANP. In addition, a TXU affiliate, TXU Europe, is a debtor of ANP, and currently is involved in bankruptcy-related proceedings in Europe in which ANP is an interested party.

8. On January 21, 2004, I contacted Attorney Gill by telephone. I pointed out to Attorney Gill that the Subpoena and Notice demanded that ANP, which is not a party to the Texas Case, produce a large volume of documents. I asked Attorney Gill to specify the documents required by the TXU Defendants, and requested that she narrow the scope of the Subpoena and Notice. Attorney Gill responded that the TXU Defendants are entitled to all of the documents requested, and stated that she would not agree to narrow the scope of the Subpoena and Notice in any manner. I therefore advised Attorney Gill that in light of her refusal to agree to narrow the scope of the information requested, ANP management would need to consider the matter before the company produced any materials.

9. On January 27, 2004, I delivered to Attorney Gill, via facsimile and regular United States mail, a letter stating ANP's objections to the Subpoena and Notice pursuant to Rule 45 of the Federal Rules of Civil Procedure. A true and accurate copy of the January 27 letter is attached hereto as <u>Exhibit B</u>.

10. On January 28, 2004, I telephoned Attorney Gill at her office. Attorney Gill was not available, and I left a message on her answering machine advising that notwithstanding ANP's objections to the Subpoena and Notice, ANP was willing to attempt to reach a compromise on the scope of the company's response. In the message, I invited Attorney Gill to telephone me to discuss the matter. Attorney Gill did not respond for several weeks.

11. On February 25, 2004, I received a telephone call from Attorney Gill, who advised that if ANP did not immediately produce all documents requested by the Subpoena and Notice, she intended to file a motion to compel production. I asked Attorney Gill if she would agree to modify the Subpoena and Notice, for example by limiting the request to Mr. Murray's personnel file. Attorney Gill again declined to narrow the scope of the Subpoena and Notice, although she did propose that any documents produced be covered by a protective order. I informed Ms. Gill that I would need to discuss the matter with ANP management.

12. On February 26, 2004, I responded by email to Attorney Gill and requested that she forward a copy of a proposed protective order, and provide confirmation that the TXU Defendants would cover ANP's reasonable expenses relating to any document production. I further advised that ANP was in the process of determining the time and expense required to respond to the Subpoena and Notice. A true and accurate copy of the February 26 email is attached hereto as <u>Exhibit C</u>.

13. On Friday, February 27, 2004, I received an email from Attorney Gill in which she stated that "this has been delayed long enough," and again threatened to file a motion to compel if ANP did not "fully comply" with the Subpoena and Notice. In the same email, Ms. Gill advised she would be forwarding a copy of the protective order shortly, and affirmed the TXU Defendants' willingness to cover reasonable expenses to produce documents. A true and accurate copy of the February 27 email is attached hereto as Exhibit D.

14. On Monday, March 1, 2004, I received another email from Attorney Gill stating that she would file a motion to compel if I did not respond by the next day. A true and accurate copy of the March 1 email is hereto as Exhibit E. At the time of the March 1 email, Attorney Gill had not provided ANP with a proposed protective order to protect confidential documents produced in response to the Subpoena and Notice.

15. On March 2, 2004, I received another email from Attorney Gill which enclosed a sample protective order, which appeared to be a form agreement to be filed in the United States District Court for the Northern District of Texas (Dallas Division). In the email, Attorney Gill advised that if ANP did not confirm by the close of business on March 2 that it intended "to fully comply" with the Subpoena and Notice, she would promptly file a motion to compel. A true and accurate copy of the March 2 email along with proposed protective order is attached hereto as Exhibit F.

16. On March 2, 2004, I delivered a letter by facsimile to Attorney Gill responding to her February 27, March 1, and March 2, 2004 email correspondence. In the letter, I advised Attorney Gill of ANP's ongoing efforts to determine the location of potentially responsive documents, as well as the time and effort required to produce those documents. I explained that because more than three years had passed since William Murray left ANP, responsive materials

would need to be recovered from back-up tapes of the computer system from the company's Houston office (which has been closed), and email files would need to be restored. I further advised that over 200 boxes of files from the Houston office would have to be reviewed, and that this process likely would require several weeks. In the letter, I again inquired whether Attorney Gill would agree to reduce the scope of the Subpoena and Notice. I advised that if such agreement were reached, Mr. Murray's personnel records could be produced is a short period of time, subject to the preparation of an acceptable protective order, and to ANP complying with any legal obligations attending to the production of that file. I reiterated ANP's desire to work with the TXU Defendants in reaching an agreement on the necessary protective order, as well as the reimbursement of ANP's costs. I requested that Attorney Gill advise how she wished to proceed. A true and accurate copy of the March 2 letter is attached hereto as Exhibit G.

17. With respect to the need for ANP to obtain an appropriate protective order and to address legal issues pertaining to the documents request, this need stems in part from the fact William Murray's personnel file from ANP contains highly confidential, sensitive information, including medical information, employment agreements, and payment records. Mr. Murray has not authorized ANP to disclose his personnel file, or any other documents relating his employment with ANP.

18. On March 3, 2004, I sent an email to Attorney Gill in which I p[rovide]d comments to the sample protective order that she had forwarded on March 2, 2004. A tr[ue and] accurate copy of the March 3 email is attached hereto as Exhibit H.

19. I did not receive any further correspondence from Attorne[y Gill un]til Sunday, March 7, 2004, when I arrived at my office to find a facsimile letter fro[m Attorn]ey Gill dated March 5, 2004. The facsimile notification line on the letter indicates [the le]tter was delivered

5

to ANP at 5:08 pm on Friday, March 5, 2004. In the letter, Attorney Gill stated that she as "still amenable to resolving" outstanding issues concerning the Subpoena and Notice "without the Court's intervention." A true and accurate copy of the March 5 letter is attached hereto as <u>Exhibit I</u>.

20.     On Monday, March 8, 2004, ANP was served with the TXU Defendants' Motion to Compel Production of Documents. The Motion indicates that it was filed in the United States District Court for the District of Massachusetts on Friday, March 5, 2004. Accordingly, it appears that the TXU Defendants filed the Motion on or before the same time as Attorney Gill's March 5, 2004 letter, describe above.

_____
Nona S. Pucciariello

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF Middlesex

Sworn to before me this 18 day of March, 2004.

_____
Notary Public
My Commission Expires: 26 Apr 07

#477835

TAMMY MACLEOD
Notary Public
Commonwealth of Massachusetts
My Commission Expires
April 26, 2007