Murray," who is the former Chief Financial Officer of ANP. Mr. Murray's employment with ANP ended in November 2000.

5. The Notice was issued to ANP through the United States District Court for the Northern District of Texas (Dallas Division), and it also relates to the Texas Case. The Notice directed ANP to appear in Worcester, Massachusetts, on January 30, 2004, to produce "any and all records" pertaining to William James Murray, and respond various written questions.

6. The Subpoena was sent under the name of Patricia S. Gill, who is an attorney with Hunton & Williams LLP, 1601 Bryan Street, 30th Floor, Dallas, Texas, 75201-3402. The Notice was sent under the name of Attorney Gill, as well as under the names of David C. Lonergan and David P. Poole, also of Hunton & Williams. The Subpoena and Notice identify Attorneys Gill, Poole and Lonergan, and Hunton & Williams, as counsel for the defendants in the Texas Case (the "TXU Defendants").

7. TXU Corporation ("TXU"), which is a named defendant in the Texas Case, is a competitor of ANP. In addition, a TXU affiliate, TXU Europe, is a debtor of International Power Plc ("IPR"), the parent company of ANP, and currently is involved in administration proceedings in Europe in which IPR is an interested party.

8. On January 21, 2004, I contacted Attorney Gill by telephone. I pointed out to Attorney Gill that the Subpoena and Notice demanded that ANP, which is not a party to the Texas Case, produce a large volume of documents. I asked Attorney Gill to specify the documents required by the TXU Defendants, and requested that she narrow the scope of the Subpoena and Notice. Attorney Gill responded that the TXU Defendants are entitled to all of the documents requested, and stated that she would not agree to narrow the scope of the Subpoena and Notice in any manner. I therefore advised Attorney Gill that in light of her refusal to agree

to narrow the scope of the information requested, ANP management would need to consider the matter before the company would agree to produce any materials.

9. On January 27, 2004, I delivered to Attorney Gill, via facsimile and regular United States mail, a letter stating ANP's objections to the Subpoena and Notice pursuant to Rule 45 of the Federal Rules of Civil Procedure. A true and accurate copy of the January 27 letter is attached hereto as Exhibit B.

10. On January 28, 2004, I telephoned Attorney Gill at her office. Attorney Gill was not available, and I left a message on her answering machine advising that notwithstanding ANP's objections to the Subpoena and Notice, ANP was willing to attempt to reach a compromise on the scope of the company's response. In the message, I invited Attorney Gill to telephone me to discuss the matter. Attorney Gill did not respond for several weeks.

11. On February 25, 2004, I received a telephone call from Attorney Gill, who advised that if ANP did not immediately produce all documents requested by the Subpoena and Notice, she intended to file a motion to compel production. I asked Attorney Gill if she would agree to modify the Subpoena and Notice, for example by limiting the request to Mr. Murray's personnel file. Attorney Gill again declined to narrow the scope of the Subpoena and Notice, although she did propose that any documents produced be covered by a protective order. I informed Ms. Gill that I would need to discuss the matter with ANP management.

12. On February 26, 2004, I responded by email to Attorney Gill and requested that she forward a copy of a proposed protective order, and provide confirmation that the TXU Defendants would cover ANP's reasonable expenses relating to any document production. I further advised that ANP was in the process of determining the time and expense required to