UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM J. MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>TXU CORP., *et al.*<br><br>Defendants. | MISCELLANEOUS BUSINESS<br>DOCKET NO. 04-MBD-10069<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of Texas,<br>Dallas Division)<br><br>Civil Action No. |

### DEFENDANTS' REPLY MEMORANDUM
### IN SUPPORT OF THEIR MOTION TO COMPEL

Defendants TXU Corp., TXU Energy Company LLC, and TXU Portfolio Management Company LP, f/k/a TXU Energy Trading Company LP (collectively, "Defendants") respectfully submit this Reply Memorandum in support of their Motion to Compel and to address issues raised in American National Power's ("ANP") Opposition Brief ("ANP's Brief"):

I.  ANP HAS NOT OFFERED A SINGLE LEGITIMATE REASON FOR REFUSING TO COMPLY WITH A VALID AND ROUTINE SUBPOENA; AN ORDER COMPELLING ITS COMPLIANCE IS WARRANTED.

ANP's Brief expends significant efforts arguing that Defendants' counsel failed to properly confer with ANP rather than focusing on the substantive issue involved—Defendants' entitlement to the subpoenaed documents. Indeed, ANP does **not** contest, and therefore concedes, that:

1. ANP possesses the subpoenaed documents;
2. ANP is capable of producing the subpoenaed documents;
3. the requested documents may be relevant or may lead to the discovery of relevant information in the *Murray v. TXU Corp. et al.* matter;
4. the subpoena sufficiently identifies the documents requested;

5. the subpoena is a routine request in employment-related litigation such as the *Murray* matter;

6. the subpoena is reasonable in time; and

7. the subpoena was properly served on ANP.

In light of these undisputed facts, ANP's refusal to comply with the subpoena is entirely unreasonable. *Jackson v. Brinker*, 147 F.R.D. 189, 193-95 (S.D. Ind. 1993) ("The scope of material obtained by a Rule 45 subpoena is as broad as permitted under the discovery rules. . . if the material is relevant, not privileged, and is, or is likely to lead to, admissible evidence, it is obtainable by way of a subpoena."). ANP does not offer a single legitimate reason as to why it has not complied with the subpoena. Indeed, ANP's 16-page opposition brief devotes *less than three pages* to Defendants' entitlement to the documents at issue. *See* ANP's Brief at 11-14. ANP sets forth three feeble arguments to attempt to excuse its non-compliance with the subpoena issued by this Court. Such arguments are factually and legally unsupportable.

First, ANP does not contest that the requested documents could be relevant or could lead to the discovery of relevant information. *See* ANP's Brief at 13. Rather, ANP merely claims that Defendants have "not demonstrated the relevance of the requested information." ANP's Brief at 13. This claim is unsubstantiated and, regardless, it is ANP's burden to establish lack of relevance. *Stewart v. Mitchell Transport, et al.*, 2002 U.S. Dist. LEXIS 12958, *14-15 (D. Kan. July 11, 2002) (unpublished opinion) (the party resisting discovery based on alleged lack of relevance has the burden of establishing the lack of relevance). Defendants' Memorandum in Support of their Motion to Compel ("Memorandum") sets forth several clear reasons why ANP's records regarding Murray's employment are relevant to his lawsuit against Defendants. *See* Defendants' Memorandum at 2-4, 6-8. At a minimum, Defendants are entitled to discover, through Murray's employment records at ANP: (i) Murray's experience, background and performance with ANP; (ii) the nature, scope and extent of Murray's alleged experience as an

2

attorney with ANP; (iii) the facts, circumstances and reasons for Murray's departure from ANP; (iv) the facts, circumstances and reasons pertaining to Murray's "severance deal" from ANP; and (v) the facts, circumstances and reasons pertaining to ANP's payment of post-employment bonuses to Murray. *See Stewart*, 2002 U.S. Dist. LEXIS 12958, *14 (compelling production of former employers' records and stating that "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"). As stated in Defendants' Memorandum, the routine and accepted practice in employment cases such as this one is for the defendant-employer to be permitted to discover the plaintiff's former employment relationships and reasons for terminations from the former employers' records. *See, e.g., Breeze v. Royal Indem. Co.*, 202 F.R.D. 435 (E.D. Pa. 2001) (granting defendant's motion to compel compliance with subpoenas to plaintiff's former employers); *Davenport v. Indiana Masonic Home Foundation, Inc.*, 2003 U.S. Dist. LEXIS 6350, *6-9 (S.D. Ind. March 27, 2003) (unpublished opinion) (upholding defendants' subpoenas to plaintiff's former employers and agreeing with defendants' argument that prior employment records were relevant to, or could lead to the discovery of relevant information to, plaintiff's claims). ANP has offered no contrary facts or arguments, nor does ANP provide any case law on point in support of its empty contention that Defendants have not shown relevance. ANP's first excuse for not complying with the subpoena is meritless.

As a second excuse for its non-compliance, ANP suggests that Defendants should try to obtain ANP's documents from Murray. ANP's Brief at 12. ANP offers no evidence or even a reasonable basis upon which to believe that Murray possesses any documents from his employment with ANP. Indeed, the likelihood that a former employee, *e.g.*, Murray, would have even been given and/or retained any—let alone all—copies of his employment records at ANP from three years prior is essentially zero. ANP, on the other hand, does not dispute that it

possesses the requested documents and is capable of producing them to Defendants. Nor does ANP offer any justification that obtaining records from Murray—even if feasible—excuses it from complying with an undisputedly valid subpoena from this Court. Obviously, even if Defendants could obtain certain documents from Murray, they would have no guarantee that they were obtaining *all* of Murray's employment records with ANP. Defendants are entitled to obtain the documents that ANP—the former employer—has in its files. *See Breeze*, 202 F.R.D. at 436; *Davenport*, 2003 U.S. Dist. LEXIS 6350, *6-9. Similar to its first excuse, ANP's second proffered excuse for not complying with the subpoena is simply meritless.

Finally, ANP claims that "the burden on ANP to produce the requested information would be great." ANP's Brief at 13-14. This claim is disingenuous based on the fact that:

- ANP's Personnel Director informed Hunton & Williams' legal assistant that *she had Murray's employment file in her office* (Defendants' Memorandum at 9, Exhibit I at ¶ 6);
- Defendants' counsel informed ANP that they would reimburse them for reasonable production expenses (Supplemental Affidavit of Patricia S. Gill, attached hereto as Exhibit "A" ¶ 3);
- Defendants' counsel informed ANP that they did <u>not</u> expect ANP to restore archived e-mails (Exhibit A ¶ 3);
- Defendants' counsel informed ANP they would enter into a protective order to alleviate any privacy concerns of ANP (Exhibit A ¶ 3).

In a weak attempt to support its "burdensome" argument, ANP also alleges that ANP is a "TXU competitor" and a "creditor of . . .TXU Europe." ANP's Brief at 14. Even if true, such facts have no bearing on Defendants' entitlement to ANP's employment records of Murray. Indeed, ANP does not even attempt to describe the purported relevance in its Brief. Any concern regarding privacy or confidential information could obviously be addressed by a protective order. *See Stewart*, 2002 U.S. Dist. LEXIS 12958 at *17 (recognizing that "documents are not shielded from discovery on the basis of confidentiality"). ANP's third and final excuse for not complying with the subpoena is baseless.

Simply put, ANP has failed to present a single legitimate excuse for its failure to comply with TXU's routine and standard request for documents regarding one of ANP's former employees. ANP's unreasonable refusal has forced Defendants to expend time and resources to seek the Court's intervention. As such, not only should ANP be compelled to comply with the subpoena, TXU should be awarded its attorneys' fees and costs.

## II. DEFENDANTS NOT ONLY PROPERLY CONFERRED WITH ANP BUT ACTED REASONABLY AND PATIENTLY IN RESPONSE TO ANP'S INEXPLICABLE REFUSAL TO COMPLY WITH THEIR ROUTINE SUBPOENA.

Instead of focusing on the real issue involved—Defendants' entitlement to the subpoenaed documents—ANP's Brief attacks opposing counsel and alleges a failure to properly confer under LOCAL RULES 7.1(A)(2) and 37.1. ANP's conjured attempt to paint itself in a cooperative light, and Defendants in an uncooperative light, is not supported by the facts. Moreover, ANP's allegations that Defendants' counsel submitted a false certification are not only baseless, but highly offensive.[1]

Defendants' counsel not only complied with the Local Rules by conferring with ANP on the motion to compel, but for more than seven weeks prior to filing the Motion, Defendants' counsel patiently and reasonably awaited ANP's compliance with the subpoena. Defendants' good faith efforts were stonewalled by ANP's continued obstinacy and refusal to comply with what is undisputedly a <u>routine</u> and <u>reasonable</u> subpoena:

| End of October 2003 | As a courtesy to ANP, Hunton & Williams legal assistant Helen Muncaster telephoned Saroj Patel, ANP's Director of Personnel to inform her a subpoena was issued and would be served on ANP. Ms. Patel informed Ms. Muncaster that personnel files were recently transferred from Houston **and verified Murray's employment file was in her office.** |
|---|---|

---

[1] By contrast, ANP's counsel's certificate of service on its original brief filed with the Court is questionable because it states that a copy of that brief was sent to all counsel of record on March 22, 2004, *yet no copy of this original brief has ever been received by Defendants' counsel.*

| Oct. 30, 2003 | Subpoena was issued from the U.S. District Court for the Northern District of Texas. |
|---|---|
| Nov. 12, 2003 | Subpoena served on ANP. **ANP placed on express notice of the documents being sought by Defendants.** |
| Nov. 13, 2003 | David Musselman, ANP Vice President and General Counsel, sent letter to Defendants' counsel objecting to the subpoena and stating **"ANP will <u>not</u> be responding to the above-referenced subpoena."** (emphasis added) |
| Dec. 8, 2003 | Subpoena issued from this Court. The process server attempted numerous times to serve ANP, but ANP avoided service of process. Due to ANP's repeated avoidance of service of process, subpoena became outdated. |
| Jan. 13, 2004 | Defendants had to amend the subpoena and it was re-issued from this Court. |
| Jan. 15, 2004 | Subpoena served on Nona Pucciariello, ANP's Assistant General Counsel. Subpoena required document production by **January 30, 2004**. |
| Jan. 21, 2004 | Ms. Puccuariello telephoned Defendants' counsel and indicated ANP would comply with the document production. **Defendants' counsel stated that they did not expect ANP to restore archived e-mails. Defendants' counsel also agreed to be flexible with regard to the date documents were to be produced.** |
| Jan. 27, 2004 | Contrary to her comments in the 1/21/04 conversation, Ms. Puccuariello sent letter to Defendants' counsel objecting to the subpoena and stating ANP **"will <u>not</u> be appearing for deposition or production of documents."** |
| Jan. 28, 2004 | Ms. Puccuariello left a voicemail for Defendants' counsel stating "You will likely have seen or will see a letter response to the subpoena. I did want to discuss with you production of documents **on a reduced-scope basis** and also subject to confidentiality that **we believe** would be responsive to your subpoena…" (emphasis added) |
| Jan. 30, 2004 | **Date in the subpoena by which ANP was required to produce documents. ANP did <u>not</u> appear for the deposition, did <u>not</u> make any efforts to produce documents to Defendants, and did <u>not</u> attempt to further contact Defendants.** |

6

| | |
|---|---|
| Feb. 25, 2004 | Defendants' counsel requested and held a conference with Ms. Pucciariello via telephone at approximately 4:50 p.m. Defendants' counsel conferred with Ms. Pucciariello regarding their subpoena and informed her of Defendants' intent to file a motion to compel ANP's compliance with the subpoena.<br>• Ms. Pucciariello indicated ANP was willing to work with Defendants on a **"reduced scope basis."** Defendants' counsel responded that a "reduced scope basis" was not acceptable because Defendants believed they were entitled to the documents in the subpoena and believed the Court would agree with their position.<br>• Defendants' counsel stated that ANP's confidentiality concern was not a proper basis for non-compliance because **Defendants would agree to a protective order** to protect the documents and that the documents could be returned at the end of the litigation. Ms. Pucciariello indicated "that may help; let me talk to some people here and give you a call back tomorrow…" |
| Feb. 26, 2004 | Ms. Pucciariello e-mailed Defendants' counsel. Ms. Pucciariello did not agree to comply with Defendants' subpoena. Instead, she indicated she was looking into what records and documents ANP had responsive to the subpoena. She also asked Defendants to provide a protective order that could be used and asked whether Defendants would cover ANP's reasonable production expenses. |
| Feb. 27, 2004 | Defendants' counsel e-mailed Ms. Pucciariello stating the Defendants would agree to cover reasonable production expenses.<br>• In response to Ms. Pucciariello's implication that she was trying to identify responsive documents, Defendants' counsel's e-mail stated that "Saroj Patel informed our legal assistant a couple of months ago that she had at least part of Mr. Murray's file in her office."<br>• **The e-mail further stated "Please let me know as soon as possible upon completing your review whether ANP will fully comply with the subpoena; this has been delayed long enough and we want to get our motion to compel on file as soon as possible if ANP's not going to comply."** |
| Mar. 2, 2004 | Defendants' counsel e-mailed a sample protective order that "could be tailor[ed] to more specifically address the documents at issue." |
| Mar. 2, 2004 | Ms. Pucciariello sent a letter to Defendants' counsel. **Ms. Pucciariello did not agree to comply with the subpoena as requested by Defendants' counsel. Instead, she again inquired as to whether Defendants would be "willing to reduce the scope of your request to personnel records…"** (emphasis added) (Defendants' counsel had already explicitly informed Ms. Pucciariello that they could <u>not</u> agree to a "reduced scope basis.")<br>• Ms. Pucciariello also stated that ANP's IT personnel would have to "build-up an e-mail environment in order to restore back-up tapes which may require purchase of hardware." (Defendants' counsel had already informed her restoring e-mail archives was not expected.) |
| Mar. 3, 2004 | Ms. Pucciariello e-mailed Defendants' counsel regarding the sample agreed protective order. She listed problems with the sample order and changes that would need to be made. Ms. Pucciariello did not offer to correct the problems or to tailor the order to the documents ANP was desiring protection of, but instead requested Defendants' counsel to do so. |

7

| | |
|---|---|
| Mar. 5, 2004 | Motion to Compel filed. Defendants' counsel sent letter to Nona Pucciariello regarding the Motion. |

Exhibit A ¶ 3 and attachments thereto.

As the above summary of events demonstrates, not once during the seven weeks after service of the subpoena did ANP ever agree to comply with the subpoena as written.[2] Nor did ANP ever make an effort to produce a single document to Defendants. To date, no documents—not even the documents that were undisputedly sitting in ANP's Personnel Director's office which could have easily been produced—have been produced to Defendants. Exhibit A ¶ 4. ANP offers no excuses for its failure to produce at least these documents or otherwise try to comply with the subpoena.

To the contrary, ANP dragged its feet and insisted that counsel for Defendants agree to something much less than the materials requested in the subpoena. Specifically, ANP indicated it could possibly agree to produce documents on a "reduced scope basis." However, Defendants believed—and still believe—they are entitled to the documents *as requested* in the subpoena. Accordingly, Defendants were opposed—and are still opposed—to ANP unilaterally deciding what limited and select documents to produce to Defendants. Therefore, Defendants' counsel informed ANP that a "reduced scope basis" would be insufficient and that it was seeking full compliance with the subpoena. Exhibit A ¶ 3. Such a position was reasonable and entirely justified. ANP did not agree to comply and, thus, this motion to compel is properly before the Court.

---

[2] Indeed, as set forth in the timeline of events, ANP was on notice of Defendants' subpoena as early as November 12, 2003. Yet, more than *15 weeks* later in February, ANP was allegedly still trying to determine the extent of the responsive documents.

ANP attempts to construe Defendants' counsel's failure to agree to a "reduced scope basis" as a failure to properly conference under the Local Rules. Such an argument is not only baseless because counsel did properly confer, it would also lead to an entirely illogical result: a party requesting documents would never be allowed to seek the Court's intervention in a motion to compel if the other party offered to produce *at least some* of the requested documents. Defendants should not be forced to compromise their position and accept less than full compliance with their subpoena. After more than seven weeks of patiently awaiting ANP's compliance with the subpoena, it became obvious the parties were not going to reach agreement without the Court's intervention. Simply put, ANP wanted to produce only limited and selected documents, and Defendants did not agree to allow ANP to dictate the scope of its response. This is precisely the situation in which a motion to compel is not only proper, but necessary. Accordingly, Defendants properly filed their motion to compel on March 5, 2004. As stated in Defendants' counsel's March 5, 2004 letter to ANP's counsel:

> Dear Ms. Puciariello:
>
> \* \* \*
>
> You were served with the subpoena on January 15, 2004--more than seven weeks ago. To date, you have not produced any documents, nor have you indicated your agreement to fully comply with the subpoena. Rather, your correspondence and statements have been contradictory, confusing, and have delayed what should have been a straightforward process. When we first spoke after the subpoena was served, you indicated you would be willing to comply and would get back to me regarding the timing of production. Shortly thereafter, I received a letter from you in which you objected to the subpoena and stated you would not comply. Subsequent to that letter, you left a voicemail indicating you would produce documents on a "reduced scope basis." After I conferred with you on February 25 regarding our motion to compel, including telling you a "reduced scope basis" was insufficient, you made vague references to needing to speak with management and "determine the time and effort required to produce the documents." Yet, ANP's Director of Human Resources previously informed our legal assistant that Mr. Murray's file was in her office. Clearly, that file could have been easily produced.[ ]
>
> Contrary to ANP's actions, we have been reasonable and accommodating throughout this process. I indicated to you that (i) we would work with you on the timing of production, (ii) we did not expect you to restore archived e-mail tapes, (iii) we would agree to reimburse you for reasonable copying and production costs, and (iv) we would agree to a protective order to address any confidentiality issues.
>
> Because ANP has had more than ample time to comply with our subpoena and has unreasonably continued to refuse to do so, we filed a Motion to Compel in the United States District Court for the District of Massachusetts today...

Exhibit A ¶ 3.

The cases cited by ANP in purported support of its contention that the motion to compel should be denied are clearly distinguishable from the facts in this matter. These cases lend no support to ANP's position:

- In *Bayou Steel Corporation v. Danieli Corporation*, 2001 WL 456349 (E.D. La. 2001)—a Louisiana case involving Louisiana local rules different from the Local Rules of this District—Danieli filed a motion to compel after its counsel spent three days in depositions with Bayou Steel's counsel. During those three days, Danieli's counsel not only failed to confer about the motion to compel under Louisiana's local rules, but he *never even mentioned* the motion to compel to opposing counsel. The Court noted that under Louisiana's local rules, "exchanging letters may be a step in the process, but it is not a substitute for such a conference." The Court did not deny the motion to compel as requested by Bayou Steel's counsel but simply warned the parties to comply with local rule 37.1 in the future.

- In *Ross v. Citifinancial, Inc. et al.*, 203 F.R.D. 239 (S.D. Miss. 2001)—a Mississippi case involving Mississippi local rules different from the Local Rules of this District— the plaintiffs filed a motion to compel and motion for protective order. The local rules required a "Good Faith Certificate (Form #4)" to be attached to any such

10

motion. The plaintiffs failed to attach the requisite certificate to their motion or otherwise certify to the Court they had conferred in good faith. Thus, based on the <u>complete absence</u> of the required certificate, the Court denied the motion without prejudice.

- In *Syrjala v. Total Healthcare Solutions, Inc.*, 186 F.R.D. 251 (D. Mass. 1999), counsel for Total Healthcare Solutions filed a motion for protective order containing a certificate of conference signed by local counsel which stated "Counsel certify that [defendant's counsel] and plaintiff's counsel conferred on the subject matter of this motion and were unable to resolve the issue." In fact, defendant's counsel had *never even spoken* to plaintiff's counsel about the protective order. Thus, the certification as signed was false, which defendant's counsel <u>admitted</u> to the court. In addition to filing an admittedly false certification, defendant's counsel filed their motion for protective order prematurely--they failed to wait seven days as required by the Local Rules after requesting a conference with plaintiff's counsel. Accordingly, the Court found that the defendant's egregious violations of the Local Rules warranted sanctions.

As is patently clear from the summaries above, these cases are distinguishable from the facts at issue in several significant ways. Perhaps most obviously, *Bayou Steel Corporation* and *Ross* do not even involve the Local Rules of this District; rather they involve Louisiana's and Mississippi's local rules, which are different from the rules of this District. Moreover, the conduct of counsel in these cases is not even comparable to Defendants' counsel in this case. In *Bayou Steel Corporation* and *Syrjala*, counsel filed a motion to compel and certified that a conference had been held *without ever discussing the matter with opposing counsel* or informing them a motion would be filed. In *Ross*, counsel failed to even attach the requisite certification to their motion.

Contrary to the attorneys in the cases cited by ANP, Defendants' counsel acted reasonably and attempted to work with ANP to secure compliance with their routine subpoena for documents regarding a former employee. Defendants' counsel:

1. waited seven weeks for ANP to comply with their subpoena;
2. offered to work with ANP regarding timing of production of documents;
3. explained to ANP that they did not expect ANP to restore archived e-mails;

11

4. agreed to enter into a protective order with ANP to protect their documents;

5. sent ANP a sample protective order that could be tailored to address ANP's needs;

6. agreed to return the documents to ANP upon resolution of the litigation;

7. agreed to reimburse ANP for reasonable production costs;

8. initiated and held a telephone conference with ANP on February 25, 2004 to discuss the motion to compel and whether there was any way to resolve the matter short of Court intervention.

Exhibit A ¶ 3. Contrary to the inapposite cases cited by ANP, Defendants' counsel clearly complied with the letter and spirit of Local Rule 37.1. ANP's contrived contentions to the contrary are simply baseless and should be disregarded. Furthermore, in light of the conferences and communications that were held, and the uncooperativeness of ANP to comply or attempt to comply with the subpoena, ANP's request for costs to ANP is wholly unwarranted.

ANP's proposed protective order is also unwarranted and unreasonable. Defendants have attached as Exhibit A(9) hereto a proposed protective order for the Court's consideration.

WHEREFORE Defendants respectfully request the Court to compel ANP's compliance with Defendants' subpoena and to order ANP to pay for Defendants' costs and fees in having to prosecute this motion.

Dated: March 26, 2004

Respectfully submitted,

**TXU CORP., TXU ENERGY COMPANY LLC AND TXU PORTFOLIO MANAGEMENT COMPANY LP F/K/A TXU ENERGY TRADING COMPANY LP**

By Their Attorneys

*/s/ Laura M. Stock*
Anita B. Bapooji (BBO #644657)
Laura M. Stock (BBO #652276)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

David C. Lonergan (Texas Bar No. 12513500)
David P. Poole (Texas Bar No. 16123750)
Patricia S. Gill (Texas Bar. No. 24007238)
HUNTON & WILLIAMS, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas Texas 75201
(214) 979-3029

Counsel for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by certified mail on March 26, 2004.

*/s/ Laura M. Stock*
Laura M. Stock

3044335_1