# HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

43 North Main Street
Concord, NH 03301-4934
TEL: 603.225.4334
FAX: 603.224.8350
www.haslaw.com

*Christopher H.M. Carter*
ccarter@haslaw.com

August 19, 2004

By Facsimile (214-880-0011)
<u>Original By Regular Mail</u>
Robert Wise, Esq.
Hunton & William LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX 75201-3402

Re:   **William J. Murray v. TXU Corp. et al.**

Dear Attorney Wise:

This letter follows up on our prior discussions regarding TXU Corp.'s draft Notice of Deposition to American National Power, Inc. ("ANP"), which you emailed to me on August 10. ANP obviously disputes TXU's position that its original subpoena complied with Fed. R. Civ. P. 45, and ANP is prepared to demonstrate that TXU's subsequent motion to compel was improper. However, in the interest of bringing closure to this litigation, ANP would be willing to enter into an agreement with TXU to resolve this dispute and establish firm parameters for any future discovery sought from ANP in the above-captioned matter. ANP will require that any such agreement include the following provisions.

First, the agreement must provide for full compensation to ANP for all attorney's fees and costs incurred both in connection with TXU's prior subpoena and motion to compel, and in responding to any subsequent discovery requests.

Second, the agreement must provide for a confidentiality agreement to limit the use and disclosure of any information produced by ANP. You earlier indicated that TXU is flexible with respect to the form of such an agreement, and I will forward a draft to you under separate cover.



**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

Robert Wise, Esq.
August 19, 2004
Page 2

Third, any discovery contemplated by this agreement must comply with Fed. R. Civ. P. 45. While ANP would be willing as part of an agreement to provide certain discovery to TXU, please be advised that ANP does not waive its objections to any requests in the draft Notice of Deposition, or otherwise concede that the requests have been properly propounded by TXU. ANP is entertaining these requests solely for the purpose of settlement, and nothing in this letter should be deemed an admission by ANP as to the validity of any of TXU's discovery requests.

As for <u>Exhibit A</u>, the listed topics concern information that, to the extent it exists, is contained in documents addressed in the corresponding requests set forth in Exhibit B. If necessary, ANP will produce a custodian of the records to authenticate these documents. If there are particular individuals whom TXU seeks to depose, please identify them so that this issue can be covered in any agreement between the parties.

As for <u>Exhibit B</u>, ANP's responses to the draft document requests are as follows:

2   As ANP represented on numerous prior occasions, it would be amenable to producing Plaintiff's employment/personnel file, provided the production is covered by an acceptable confidentiality agreement, and there are no legal restrictions – such as those established by HIPAA – to ANP disclosing the information.

3-7   ANP would agree to produce responsive documents to the extent they are contained in Plaintiff's employment/personnel file.

8-9   ANP is not aware of any documents responsive to these requests.

10-11   ANP objects to these requests as currently drafted because, among other reasons, they seek privileged and/or highly confidential information. Without waiving this or any other objection, ANP is not aware of any documents responsive to these requests.

12   ANP would agree to produce its severance agreement with Plaintiff.

13-17   ANP objects to these requests as currently drafted because, among other reasons, they seek privileged and/or highly confidential information, and are vague, over broad, and unduly burdensome.

18-19   ANP is not aware of any documents responsive to these requests.

20   ANP objects to this request as currently drafted because, among other reasons, it seeks confidential and proprietary information. Disclosure of ANP's corporate organizational charts is not required to establish Plaintiff's position at ANP. Information concerning the individuals




Robert Wise, Esq.
August 19, 2004
Page 3

reporting to Plaintiff, and to whom Plaintiff reported, is available from Plaintiff himself.

Please call me after you have reviewed this letter. I am hopeful that we can reach an agreement that accomplishes our clients' respective goals and avoids the need for further litigation.

Sincerely,

Christopher H.M. Carter

CHMC/smg

cc: Nona Pucciarello, Esq.

#496957